IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMY T. GREENE,

                              Petitioner,

    v.

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,

                              Respondent.

OPINION AND ORDER

08-cv-623-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Jeremy T. Greene was convicted of first degree murder and other crimes in state court in 2002.  Since then, he has challenged his conviction by appealing it to the state court of appeals, petitioning for review by the state supreme court, pursuing a post conviction motion under Wis. Stat. § 974.06, taking an unsuccessful appeal of the denial of the § 974.06 motion, petitioning again for review by the state supreme court, pursuing an unsuccessful petition for a writ of habeas corpus in the state appellate court, appealing the denial of that petition, filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this court and filing objections to the United States Magistrate Judge's recommended denial of his petition.

1

In the petition he filed in this court, petitioner contends that his conviction is invalid for ten reasons:

(1) a <u>Batson</u> violation occurred during jury selection;
(2) the trial court failed to strike a biased juror;
(3) the jury pool was unrepresentative;
(4) the prosecutor made improper comments during closing arguments about petitioner's right to remain silent;
(5) the trial court erred in denying petitioner's severance request;
(6) petitioner and his co-defendant had antagonistic defenses;
(7) petitioner's trial counsel was ineffective in failing to object properly to the trial errors;
(8) trial counsel was ineffective in failing to provide a valid theory in support of petitioner's request for a lesser included offense instruction;
(9) appellate counsel was ineffective in failing to bring a post conviction motion challenging the effectiveness of trial counsel and in failing to raise issues (1), (2), (3), (4), (5), (6) and (7); and
(10) the trial court erred in denying petitioner's request for lesser included offense instructions.

I agree with the magistrate judge's conclusion that this court cannot grant relief to petitioner because, as to most of his challenges, he failed to preserve his right to raise them in federal court and, as to those he did preserve, the state courts resolved them properly, applying clearly established federal law and making no unreasonable determinations of fact.

BACKGROUND

In 2001, petitioner and three accomplices were charged in the Circuit Court for Dane County with first degree intentional homicide, armed robbery and armed burglary in the

2

stabbing death of Kyle Hachmeister in the bedroom of his home. Two of the defendants, Corey Ellis and Lindsey Kopp, entered pleas to lesser charges in exchange for their testimony against petitioner and Genevieve Pauser, who were tried together after the trial court denied petitioner's motion for severance. Both defendants presented evidence that they had not been at the scene of the crime.

With respect to Pauser, the state put in evidence showing that she had ridden to Hachmeister's house but had remained in the car while the attempted robbery and murder were carried out. The trial court instructed the jury that it could find Pauser guilty of the lesser included offense of felony murder, but it found her guilty of the greater offense of intentional homicide. As to petitioner, the state introduced evidence that he had been in Hachmeister's bedroom and had stabbed him to death. Petitioner's counsel argued for instructions on the lesser included offenses of reckless homicide and felony murder, asserting that the reckless homicide instruction would be proper because the jury could find that he had stabbed Hachmeister but that he had lacked the intent to kill him. The trial court denied the request for a lesser included offense instruction of reckless homicide, saying that the nature and extent of the stab wounds showed that "whoever did it acted with an intent to kill or with the state of mind that their conduct was practically certain to cause death." Trial transcript, State v. Greene, Jan. 13, 2002, at 20. The court added that, "if there is a reasonable ground to acquit Mr. Greene of first-degree intentional homicide, it lies in the

3

alibi, not the absence of intent. . . . I think in Mr. Greene's case it's an all or nothing proposition." Id.

Petitioner's counsel did not support his request for an instruction on felony murder with any argument. The court denied the request without any explanation, but it seems clear from the transcript that the court was relying on its belief that the jury's verdict would be an all or nothing proposition: either the jury believed the alibi or it would have to find that defendant had gone into Hachmeister's house and had done the stabbing. In other words, the evidence did not support a finding that petitioner was present at the house but did not take any part in the murder. The jury found petitioner guilty of first degree intentional homicide and the court imposed the mandatory life sentence.

OPINION

In a thorough and persuasive 27-page report, the magistrate judge explained why petitioner's failure to present all of his claims properly in state court barred this court from hearing eight of petitioner's ten claims of constitutional error in his state court proceedings, as well as most of the two remaining claims, and why petitioner was not entitled to federal habeas relief on the two other claims. Petitioner submitted 136 pages of objections to the magistrate judge's report, but failed to show any error in the magistrate judge's evaluation of petitioner's claims. Petitioner's "objections" include a 20-page statement of facts, long

4

discussions of holdings in cases he thinks are pertinent, legal arguments derived from the case holdings, complaints about his difficulties in litigating his claims as a prisoner and many actual objections to errors he identified in the magistrate judge's report.

After reading the entire document, I am not persuaded that the magistrate judge made any errors of any significance, but one allegation bears mentioning. On pages 49-53 of the objections, dkt. #33, petitioner takes issue with the magistrate judge's reference on page 12 of his report and recommendation, dkt. #27, to a "response" filed by respondent. Petitioner reads the term "response" to refer to a response to his brief in support of his petition and points out, correctly, that no such response was ever filed. The "response" to which the magistrate judge referred is clearly the answer that respondent filed to the petition. Dkt. #12.

Petitioner argues that respondent's failure to file a response to petitioner's "brief-in-chief" demonstrated his abandonment of all of his defenses to the §2254 petition. This is an unfounded conclusion. Not only does the docket sheet not show any "brief-in-chief" from petitioner, it shows no court order directing respondent to file a brief. Petitioner is right when he says that the court should treat all litigants in the same way and not excuse the state from its legal obligations, but he has failed to show that respondent has been exempted from any obligation that would apply to any other litigant. Respondent filed an answer to the petition; in the absence of any order requiring him to do more, he cannot be

5

held to have abandoned his opposition to the petition. I turn then to petitioner's objections to the magistrate judge's conclusion that he failed to preserve his federal claims for review in federal court.

It is well established that a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief. Moleterno v. Nelson, 114 F.3d 629, 633 (7th Cir. 1997) (citing cases). Claims are exhausted when they have been presented to the highest state court for a ruling on the merits of the claims or when state remedies no longer remain available to the petitioner. Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982); 28 U.S.C. § 2254(c). When a petitioner raises claims that have not been exhausted in state court and state remedies remain available, the federal court must dismiss the petition without prejudice to allow the petitioner to return to state court. Rhines v. Weber, 544 U.S. 269, 274 (2005); Rose v. Lundy, 455 U.S. 509, 510 (1982).

However, when the petitioner has already pursued his state court remedies but failed to properly present his claims to the state courts along the way, "it is not the exhaustion doctrine that stands in the path to habeas relief . . . but rather the separate but related doctrine of procedural default." Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). Under the procedural default doctrine, a federal court cannot reach the merits of a habeas claim in two instances: if the petitioner either failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred or if he

6

presented his claim to the state courts but the state court dismissed the claim on a state procedural ground that was both independent of the federal question and adequate to support the judgment. Perruquet, 390 F.3d at 514 ; Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002); Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001). When a petitioner has procedurally defaulted his claims, the federal court must deny his petition with prejudice without reviewing the merits of the claim.

Although Wisconsin has a generous and extensive system for attacking convictions, it imposes relatively strict requirements on those who use the system. The most basic of these is the rule that the petitioner must present his claims to the state courts fully, fairly and in the proper order. Thus, a defendant has an opportunity for a direct appeal of his conviction, but he must raise all of his challenges to the conviction at that time. If he has not raised them properly in state court and is precluded from making another effort to do so, the federal courts are not authorized to hear his claims. Baldwin v. Reese, 541 U.S. 27, 29 (2004) "(Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam))).

On direct appeal, petitioner argued that the trial court had deprived him of a fair trial when it refused to instruct the jury that if it did not find petitioner guilty of first degree

7

homicide, it could find him guilty of the lesser included offense of felony murder. This would have been an appropriate instruction, according to petitioner, because the evidence supported a finding that petitioner's co-defendant, Corey Ellis, had been the actual murderer and not petitioner. The court of appeals found that petitioner had failed to raise this argument at trial but instead had argued that the court should give an instruction on reckless homicide because the jury could find a lack of intent to kill, even if it found that petitioner had done the stabbing. This, the court of appeals said, was insufficient to preserve the different issue petitioner had raised on appeal. Petitioner sought review by the supreme court, but that court denied his petition without comment.

   Petitioner turned next to the option given him under Wisconsin law to file a motion for relief in the trial court under Wis. Stat. § 974.06 if he believes that his sentence was imposed in violation of the constitution or laws of the state or the United States Constitution. Petitioner filed such a motion, arguing that both his trial and appellate attorneys had been constitutionally ineffective. Allegedly, his trial counsel was ineffective in not arguing to the trial court that it should give a lesser included offense instruction of felony murder because the jury could have found from the evidence that petitioner had participated in the armed robbery but had not been the murderer and appellate counsel had been ineffective in not arguing the issue of trial counsel's failure to ask for the lesser included instruction on the ground that petitioner had not committed the actual murder. The trial

8

court denied the motion in a two-page opinion, concluding that the lesser included offense instruction would not have helped petitioner. The jury had not found Pauser guilty of a lesser included offense, although no one had claimed that she had gone into the house; there was no chance that if the jury had not believed petitioner's alibi, it would have found him guilty of the lesser included offense of felony murder.

On appeal from the denial of the § 974.06 motion, the court of appeals found that the evidence would not support a finding that either trial or appellate counsel was ineffective under Strickland v. Washington, 466 U.S. 668 (1984), because petitioner could not establish that he was prejudiced by counsel's acts or omissions. Like the trial court, if found that the evidence produced at trial made it implausible that any court would have granted a motion for a lesser included instruction of felony murder. "[A] reasonable jury could not both reject the alibi defense and have reasonable doubt about whether [petitioner] was the stabber." State v. Greene, dkt. #12, exh.12-14, ¶ 13. The state supreme court denied petitioner's subsequent petition, again without comment.

Petitioner followed up his unsuccessful § 974.06 motion with a state habeas petition filed in the state court of appeals under State v. Knight, 168 Wis. 2d 509, 520, 484 N.W.2d 540 (1992), alleging that his appellate attorney had been ineffective for not raising certain challenges: the prosecutor's use of a peremptory strike against the only African-American juror in the jury pool; the prosecutor's comments on petitioner's invocation of his right to

9

remain silent; the sufficiency of the evidence; and the court's denial of petitioner's severance motion. The court of appeals denied the petition, finding that appellate counsel had used good judgment in appealing only the issue of the denial of the lesser included offense instruction because the other issues petitioner raised in his habeas petition had no merit.

It should be clear from this summary of the state court proceedings that petitioner did not preserve his right to challenge his conviction on any claims except those relating to the alleged ineffectiveness of his trial counsel for not arguing a ground for a lesser included offense of felony murder and the alleged ineffectiveness of his appellate counsel for not raising on appeal his claims relating to the alleged <u>Batson</u> violation, prosecutorial misconduct, denial of severance and ineffectiveness of trial counsel issues. Petitioner argues at length that he did preserve the first three of these claims because he raised them in his <u>Knight</u> petition and appealed the denial of the claims to the state supreme court, but he is mistaken. By waiting until he filed his <u>Knight</u> petition to raise these issues for the first time, he was limited by state law to raising them only as examples of the alleged ineffectiveness of his appellate attorney, not as independent grounds for relief.

Neither the state court of appeals nor the state supreme court found any basis for a finding of ineffectiveness on the part of appellate counsel for not raising these new examples of alleged constitutional error. In fact, the court of appeals found affirmatively that the newly raised issues had no merit. The magistrate judge shared their opinion of the

10

ineffectiveness claim and recommended denying it. I will adopt his recommendation.

A few other matters require brief discussion. At page 45 of his objections, petitioner argues that he has cause and prejudice for not having raised the issue of a biased juror at the proper time. He says that it was not until April 4, 2008, that a family member reviewed all of the articles that had been in the newspapers during the period before trial, that he submitted the information to the state supreme court when he appealed the denial of his Knight petition and that by doing so, he has exhausted his state court remedies. This argument is futile for a number of reasons, such as the implausibility of petitioner's claim that he could not have obtained copies of the newspaper articles until 2008 and his belief that raising an issue for the first time in the context of a petition to the state supreme court is sufficient to fulfill his exhaustion requirements. The only way this belief would be valid is if the supreme court had considered the claim on its merits. Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991 (bar to federal habeas review is removed if last state court to be presented with federal claim reaches merits of claim). This did not happen; the state supreme court denied the petition for review without comment.

Although this court cannot reach petitioner's argument, it is evidence that it is a futile one. The trial court questioned the juror carefully outside the presence of the other prospective jurors, allowed counsel to question the juror and concluded, without objection from counsel, that the juror could be fair and impartial and listen to the trial testimony with

11

the presumption that the defendants were innocent.

At various places in his objections, petitioner disagrees with the magistrate judge's framing of his objections. For example, he argues that the magistrate mischaracterized his § 974.06 motion, saying that petitioner had argued that his trial counsel was ineffective in not arguing for an instruction on the lesser included offense of felony murder, when in fact, petitioner had raised the claim that the trial court had cut trial counsel off without allowing him a chance to explain his request for the instruction and his post conviction counsel had failed to raise the issue during post conviction proceedings. This objection and others like them are mere nitpicking. They would not change the outcome of this petition for post conviction relief.

Petitioner suggests in his objections that he will ask to stay this proceeding and hold it in abeyance until he can go back to the state courts and develop his claims more fully. It is not likely that such a request would be granted. None of the issues raised in this petition would benefit from any further factual or legal development.

ORDER

IT IS ORDERED that the recommendation of the United States Magistrate Judge is ADOPTED. FURTHER, IT IS ORDERED that petitioner Jeremy T. Greene's petition for post conviction relief under 28 U.S.C. §2254 is DENIED. Petitioner is not entitled to a

certificate of appealability because he has not made a substantial showing of the denial of a constitutional right.

Entered this 30th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge