IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMY T. GREENE,

                Petitioner,                      ORDER

     v.                                              08-cv-0623-slc

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On December 30, 2009, I adopted the recommendation of the United States Magistrate Judge and denied petitioner Jeremy Greene's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. #34. I also determined that petitioner was not entitled to a certificate of appealability. Petitioner has now moved for reconsideration of that order, asserting that I misunderstood his arguments relating to three of his 10 claims. Dkt. #36.

      In his third claim, petitioner challenged the fact that his jury pool contained only one African-American. He asserts that I mischaracterized his claim as one of unfair representation when he was actually arguing that African Americans are systematically excluded from jury pools in Dane County, Wisconsin. Although I may have described

petitioner's claim in terms of how *his* rights were violated, his argument relating to the composition of Dane County jury pools was considered. However, it was never necessary to reach the merits of petitioner's claim because he did not preserve his right to challenge his conviction on that ground. As explained at length in the magistrate judge's report and recommendation and my order adopting it, petitioner did not raise his claim with respect to the jury pool until he filed a motion for reconsideration of the denial of his <u>Knight</u> petition in the state court of appeals.

Petitioner contends that I mischaracterized his fifth claim as an allegation that the trial court erred in denying his request for severance. Although it is not entirely clear in his motion, I understand petitioner to be asserting that the court ignored the fact that he also had argued that his trial counsel was ineffective for not moving for severance. However, this is incorrect. This claim was addressed in conjunction with petitioner's other ineffective assistance of trial counsel allegations in claim 7, in which petitioner contended that his conviction was invalid because his "trial counsel was ineffective in failing to object properly to the trial errors." Dkt. #34 at 2. Petitioner takes issue with the court's summary of his seventh claim, arguing that his trial counsel actually challenged two trial court errors: the striking of the sole African American juror (<u>Batson</u> issue in claim (1) and references to his remaining silent (Fifth Amendment violations in claim (4). A review of the court's order indicates that I understood the specific nature of petitioner's ineffective assistance claims.

2

In any event, petitioner fails to explain how the court's alleged error affected him. The only ineffective assistance of trial counsel claim that petitioner properly preserved on appeal was his trial counsel's failure to argue a ground for a lesser included offense of felony murder. The <u>Batson</u> and Fifth Amendment issues are irrelevant to that claim.

Petitioner next repeats his assertions that he did not procedurally default most of his claims because he either properly raised them in state court or could not do so because his attorney was ineffective. Because the magistrate judge and I thoroughly addressed all of his arguments in the previous orders, I will not discuss them again.

Finally, petitioner asserts that the court "overreached" its authority by denying him a certificate of appealability before he had even requested one. Petitioner is correct that in the past, district courts would not decide to issue a certificate of appealability until a petitioner requested one or filed a notice of appeal. However, effective December 1, 2009, Rule 11 of the Rules Governing Habeas Corpus Cases under Section 2254 was changed to *require* a district court to grant or deny the certificate at the time it enters a final order adverse to the petitioner.

In sum, because I am satisfied that no error occurred in denying petitioner's habeas petition, his motion for reconsideration will be denied.

ORDER

IT IS ORDERED that petitioner Jeremy Greene's motion for reconsideration, dkt. #36, is DENIED.

Entered this 3rd day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4